## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JESSIE TERRELL RADFORD,                                                           PLAINTIFF
ADC #655432

v.                              5:18CV00083-DPM-JTK

DARYL GOLDEN                                                                  DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**I.    Introduction**

Plaintiff Jessie Radford, a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging Defendant Golden denied his right to access to the courts. (Doc. No. 1)

This matter is before the Court on Defendant's' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 49-51), to which Plaintiff responded (Doc. Nos. 55-57).

**II.    Facts**

Plaintiff alleged no one responded to his request for access to the law library and legal materials on July 27, 2017, despite the fact that ADC policy permits inmates who are on punitive segregation to order legal materials from the law library. (Doc. No. 1, pp. 4-5) Although he wrote a grievance about this, Defendant Golden denied him access to the law library, knowing of Plaintiff's pending litigation. (Id., p. 4) Plaintiff's case was then dismissed, and Plaintiff was required to spend $500 to appeal. (Id., pp. 4-5)

### III.  Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Official Capacity

The Court agrees with Defendant that Plaintiff's monetary claim against him in his official capacity should be dismissed as barred by sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).

### B. Individual Capacity

The Court also agrees that Plaintiff's monetary claim against Defendant in his individual capacity should be dismissed based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223,

232 (2009).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir.2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" Id. (quoting Lewis v. Casey, 518 U.S. 343, 353, (1996)). See also Chappell v. Helder, 696 F.Supp.2d 1021, 1029-30 (W.D.Ark. 2010).

According to the evidence presented by Defendant, Plaintiff filed a lawsuit against several state officials on October 24, 2016 in Radford v. Willliams, et al., 1:16cv00151-JLH. (Doc. No. 49-1) According to the docket sheet of that case, Defendants filed a Motion for Summary Judgement on June 19, 2017, to which Plaintiff did not respond. (Id., Doc. No. 32) The United states Magistrate Judge issued Proposed Findings and Recommendations on July 7, 2017, recommending that the motion be granted and that the case be dismissed for failure to exhaust. (Id., Doc. No. 35) Plaintiff filed timely objections

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

to the Findings on July 19, 2017, and United States District Judge J. Leon Holmes adopted the Findings and dismissed the case on August 2, 2017. (Id., Doc. Nos. 36-37) Plaintiff did not allege in his Objections to the Findings that he was denied the ability to obtain research, legal documents, or legal materials. (Doc. No. 49-3)

In the present case, Plaintiff alleged in his Complaint that he was denied the opportunity to personally visit the law library to obtain legal information he needed to respond to a summary judgment motion, but he did not specifically allege when he requested the information or what litigation was involved. According to the documents provided by the Defendant and not disputed by Plaintiff, the Court assumes that the case he referred to was Radford v. Williams, et al., 1:16cv00151-JLH. Yet, Defendant presents evidence that at the time the Summary Judgment Motion was filed in that case on June 19, 2017, Plaintiff was housed in barrack 2 and free to visit the law library on Mondays, Wednesdays, Fridays, and Sundays. (Doc. No. 49-4) Plaintiff was not placed in disciplinary (punitive) confinement until July 13, 2017, at which time the Summary Judgment response deadline had passed. (Doc. No. 49-4) Plaintiff also timely objected to the Magistrate's Findings and did not claim a denial of access to legal materials caused his failure to respond to the Summary Judgment Motion. Defendant presents the Declaration of law library supervisor Stanley Smith, who researched inmate requests and found that Plaintiff submitted three requests on August 14, 2017, August 27, 2017, and September 13, 2017, all after the dismissal of the Radford v. Williams case. (Doc. No. 49-7)

Finally, according to DR 21.3.0, the Unit policy concerning access to the law

library, inmates housed in punitive segregation may order legal materials which will be delivered one day per week, and an inmate must be able to prove that a deadline for an active case cannot be met if he waits until the end of the segregation period. (Doc. No. 49-6, p. 8)

Plaintiff does not specifically respond to this evidence or offer any evidence as to when he submitted a legal request to Defendant, when Defendant Golden denied his request, what information was requested, and whether he explained to officials the information was needed for a deadline for an active case. (Doc. No. 55) Rather, he claims Golden is trying to lead the Court "a stray of the fact he denyed me access to the United States Courts and the law library." (Id.)

As stated by the Supreme Court in Lewis v. Casey, the Plaintiff must show that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." 518 U.S. at 351. Therefore, absent any additional evidence from Plaintiff to show that Golden denied him access to legal materials which caused the dismissal of the Radford v. Williams lawsuit (or any other pending litigation), and in light of the evidence presented by Defendant, the Court finds as a matter of law that Defendant Golden acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary

7

Judgment (Doc. No. 49) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 8th day of May, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE